This is a suit brought by the grantee of a deed for the rescission thereof and the repayment of the purchase price. The transaction arose under the following circumstances. Defendant Carolina H. Hinners held a mortgage for $2,000 on the premises in question, executed by several members of a family named Banville, who were the heirs-at-law of one John Banville. She brought suit to foreclose the mortgage and it proceeded to a sale, and was bid in by her. Thereafter, she entered into a contract with Thomas F. Banville to sell the property for the sum of $6,700 cash. He represented himself to be acting on behalf of the heirs of John Banville, for the purpose of regaining title to the premises for all of them. In fact, he was not representing the heirs, but actually was the secret agent of the present complainant, P.L.J., Incorporated. When the title was closed, the present complainant was designated as the grantee and Mrs. Hinners and her husband made the conveyance accordingly by bargain *Page 41 
and sale deed, and therefore without full covenants of warranty. Subsequently, certain of the Banville heirs named as defendants in the foreclosure suit, applied to have the decree of foreclosure vacated and offered to redeem the premises from the mortgage. The present complainant was made a party to this application. The court of errors and appeals, in the opinion reported in 114 N.J. Eq. 348, completely vacated the foreclosure decree and allowed the mortgagors to redeem. The decree was set aside on the ground that no proper notice was given to certain of the defendants. Upon the redemption from the mortgage, the present complainant lost all title to the premises and has brought the present suit to compel Mrs. Hinners to return the price paid to her for it.
The court of errors and appeals has passed upon all the foregoing facts and has characterized the conduct of the present complainant as constituting deceit towards Mrs. Hinners in secretly hiring Thomas F. Banville to falsely represent to her that he was the agent of all the Banville heirs. The court says (at p. 355): "But the respondent corporation [complainant in this suit] asserts that it is an innocent purchaser in good faith, for value, and without notice of the rights of appellants in the lands. There are circumstances that tend strongly to create doubt as to its good faith. It admittedly practiced deceit. The property was concededly worth considerably more than the price paid to complainant. The estimates of its value range from $15,000 to $20,000. Although complainant insisted upon a substantial profit as a consideration for a reconveyance, she was anxious that the property be returned to the Banvilles, and it is fairly inferable that she would not have consciously sold to a third party for the price paid by respondent corporation. Knowing this, the latter's officers enlisted the services of Thomas F. Banville, who, for the consideration named, agreed to purchase the property from complainant, pretending that he was acting for the Banvilles [his co-mortgagors], without disclosing that he was in reality the agent of respondent."
The court further says (at p. 357): "She believed she was making a reconveyance to the Banvilles, and the respondent corporation [complainant in this suit] deliberately deceived *Page 42 
her with the assistance of Thomas F. Banville, so as to acquire the property at slightly more than one-third of its conceded value."
As a result, the conduct of the present complainant is to deprive it of the right to relief in this court. It has repeatedly been held that a complainant in chancery must come into court with clean hands, and that inequitable conduct by the complainant in relation to the subject-matter of the suit is ground for refusal of relief. DeGrau v. Mechan, 48 N.J. Eq. 219; Pfender v. Pfender, 104 N.J. Eq. 107; affirmed, on opinion below, 105 N.J. Eq. 247.
A decree will be advised dismissing the bill of complaint.